IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES PORATH, individually and on
behalf of all others similarly situated,

    Plaintiff,

  v.

LOGITECH, INC.,

    Defendant.

No. C 18-03091 WHA

**ORDER RE CRIMINAL HISTORY OF NAMED PLAINTIFF**

    Over a year ago in this putative class action, in a conference with counsel, the Court specifically flagged the recurring problem posed by named plaintiffs with criminal records and how that might lead to a collusive settlement or one less favorable to the class compared to a settlement based on the merits of the class claim. No one disclosed that our named plaintiff herein in fact had a lengthy criminal record. The Court advised counsel to go do their homework and asked the parties to proceed with the traditional Rule 23 process so that all such problems could be brought to light (Dkt. No. 30 at 3:14–19; 11:6–17).

    Instead, counsel sought to avoid the traditional Rule 23 process by seeking mandamus relief before our court of appeals to allow counsel for both sides to informally negotiate a class settlement without the necessity of going through the Rule 23 steps. Eventually, based on the representations by counsel, our court of appeals stayed the Rule 23 process. After oral argument, however, our court of appeals denied all such relief, ending the stay. Counsel then filed another emergency motion to stay further proceedings pending possible review by the Supreme Court. Our court of appeals denied that as well. Now, counsel have asked the Supreme Court itself to stay proceedings in the district court.

In light of the extensive proceedings before our court of appeals (and the Supreme Court), it was quite a surprise to learn yesterday, for the first time, that the sole named plaintiff herein is a convicted felon several times over. Given that the judge flagged this potential problem more than a year ago, counsel owe an explanation for why it took so long to come clean.

Plaintiff's counsel state they only learned of these felonies 17 hours before the motion for class certification was filed on September 26. Specifically, lead counsel for plaintiff states that "[t]he first time we learned of Mr. Porath's criminal record was early in the evening of September 25, 2019, at approximately 6:15 p.m." and that "no individual associated with Edelson PC . . . had any knowledge whatsoever of [p]laintiff's criminal history prior to learning of the issue on September 25th" (Dkt. No. 61-1 ¶¶ 4, 6). Still, that was in plenty of time to put all the known information in the opening submission (rather than the pithy allusion that found a way in).

Attorney Todd Logan, also plaintiff's counsel of record, has provided no declaration. By **OCTOBER 10 AT NOON**, Attorney Logan must file a full and complete declaration as to the full extent he or his firm had any information concerning the sole named plaintiff's criminal history, when and how this information came to his or anyone's attention, and why it was not fully disclosed in the September 26 filing. That declaration should also set forth the complete extent of plaintiff's criminal record.

At the time that the Rule 23 motion was filed on September 26, Logitech then had pending its emergency motion before our court of appeals for further stay pending a petition for writ of certiorari. Only after that emergency motion failed did plaintiff's counsel come clean and reveal details of plaintiff's criminal history. These circumstances suggest that plaintiff's criminal record might never have come to light had our court of appeals granted the relief sought by counsel. These circumstances further suggest that one reason, possibly among others, that plaintiff's counsel withheld the details of plaintiff's criminal history from the September 26 filing was to keep them secret as long as there was any hope of heading off Rule 23 proceedings in the district court. Accordingly, both Attorneys Todd Logan and Rafey Balabanian must each

submit separate declarations addressing the full extent of which the pendency of the emergency motion was a consideration in their delay, both due by **OCTOBER 10 AT NOON**.

For their part, defense counsel seem indignant that plaintiff's counsel are only now disclosing these facts. But defense counsel remain entirely silent as to when they or anyone at defense counsel's firm learned of any aspect of plaintiff's criminal history. Accordingly, in their opposition declaration to the class certification motion, defense counsel shall state under oath the extent to which they had information on plaintiff's criminal history and when they learned it. Significantly, counsel have failed to include this development about the criminal history disclosure (and its timing) in any of their submissions to the Supreme Court (despite being on notice thereof).

The deposition of Mr. Porath should proceed as scheduled. He should testify fully as to his criminal history, his rehabilitation, and when he advised counsel of any aspect of his criminal record.

The pending motion for class certification (with Mr. Porath as class representative) will also go forward as scheduled. If plaintiff's counsel wish to try to substitute a different class representative, plaintiff's counsel should file a separate motion with a new plaintiff proposing to intervene in this litigation and to amend the complaint. The Court might permit any such motion to be heard on shortened time so that it could be heard on the same day as the pending class certification motion (November 14) but that will depend on timing. Of course, the many months delay in filing any such motion would eventually have to be addressed.

In light of the foregoing, there is no need for a status conference. All will be addressed at the hearing on November 14. Both plaintiff's counsel must appear.

**IT IS SO ORDERED.**

Dated: October 3, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE