**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES PORATH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LOGITECH, INC.,<br><br>*Defendant.* | Case No. 3:18-cv-03091-WHA<br><br>**DECLARATION OF RAFEY S. BALABANIAN IN RESPONSE TO THE COURT'S ORDER AT DKT. 63** |

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice before this Court. I submit this declaration pursuant to the Court's Order at Dkt. 63. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

2. I am the Managing Partner and General Counsel of Edelson PC, which has been retained to represent Plaintiff James Porath in this action. Along with Todd Logan, a fourth-year associate, I am one of Mr. Porath's two counsel of record, and I am the lead counsel in this matter.

3. Plaintiff has consented to make this filing, notwithstanding that it waives certain protected communications. Plaintiff has agreed to waive these communications only to the exact extent necessitated by this filing and its supporting exhibits.

4. The Court has Ordered that I file a declaration attesting to the extent to which the pendency of Defendant's emergency motion to the Ninth Circuit for a further stay pending a petition for a writ of certiorari was relevant to my thought process or decisions regarding disclosure of Mr. Porath's criminal history, both in Dkt. 57 and in Dkt. 61. So as to avoid any ambiguity, neither the pendency nor the denial of Defendant's stay motion had absolutely *any bearing whatsoever* on my thinking or decisions related to the disclosure of Mr. Porath's criminal history—whether timing-related, substance-related, or otherwise—in either the class certification motion or the Response filed at Dkt. 61. In other words, Defendant's stay motion was, at all times, totally and completely irrelevant to my decision regarding disclosure; it never so much as even crossed my mind.

5. I agree with and confirm the accuracy of all factual statements made in the contemporaneously-filed Supplemental Declaration of Todd Logan.

6. I also agree with all opinions expressed in the Supplemental Declaration of Todd Logan, including that Defendant's stay motion was absurd and futile; that our treatment of the issue of Mr. Porath's deposition demonstrates our good faith efforts to promptly and fully disclose Mr. Porath's criminal record; and that the timing of our filing of Dkt. 61 (*i.e.*, the day after

Defendant filed its application for a stay directly to the Supreme Court) further demonstrates our good faith efforts to promptly disclose Mr. Porath's criminal record.

7. Respectfully, I want to make clear to the Court that I take this issue extremely seriously.

8. My investigation into the circumstances surrounding the vetting of Mr. Porath in this case has revealed that our firm's policies with respect to uncovering any criminal history that a potential class representative might have were insufficiently robust.

9. I understand and appreciate the Court's concern regarding a potential class representative having a criminal history (or some other adequacy-related issue), and that fact being a potential weakness that could be exploited in pre-certification settlement negotiations. That said, my firm has never negotiated—and would never negotiate—a settlement where the adequacy of the class representative was used against the class's claim, because to do so would be a breach of our fiduciary duties to the class.

10. At the November 14 hearing, I intend to apprise the Court of firm-wide policy changes that I am overseeing to ensure that this sort of problem does not occur ever again—including but not limited to mandatory criminal background checks (i) on any potential class representative (prior to filing suit) and (ii) on all present clients in putative or certified class actions.

11. Finally, it is of the utmost importance to me that the Court understand that, notwithstanding this very serious mistake in failing to properly vet the putative class representative in this case, I, along with my colleagues have at all times acted with honesty and integrity toward the Court. I am deeply bothered by having created any impression that we were somehow trying to hide this issue from the Court. That is absolutely not, nor has it ever been, the case.

12. To the extent the Court finds my Declarations or the Declarations of Mr. Logan insufficient in any way in terms of answering the Court's questions, I would humbly and willingly offer myself for direct questioning by the Court, under oath at the November 14 hearing, so as to

put any lingering questions to rest.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on October 10, 2019, at San Francisco, California.

                                              /s/ Rafey S. Balabanian