Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street,
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class and Subclass*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO

| | |
|---|---|
| JAMES PORATH, individually and on behalf of all others similarly situated,<br><br>              *Plaintiff*,<br><br>      v.<br><br>LOGITECH, INC.,<br><br>              *Defendant*. | Case No. 3:18-cv-03091-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  November 14, 2019<br>Time:  8:00 a.m.<br>Room:  Courtroom 12, 19th Floor<br>           450 Golden Gate Avenue<br>           San Francisco, California 94102<br><br>Judge:  Hon. William Alsup |

## I. JURISDICTION AND SERVICE

The Court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2) because (i) at least one member of the putative "Nationwide Class" is a citizen of a different state than Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under § 1332(d)(2) apply to this action.

Defendant has been served and does not object to personal jurisdiction or venue.

## II. FACTS

Defendant manufactures, distributes, and sells the "Logitech Z200," a popular computer speaker system comprised of two speakers. Dkt. 1 ¶ 2.

Plaintiff alleges that Defendant deceptively markets the Z200 system by advertising that the Z200 system includes four drivers when in fact the Z200 system includes only two drivers. *Id.* ¶¶ 42. Plaintiff further alleges that he purchased the Z200 system in reliance on Defendant's four-driver representation, and that he would have either paid less for the Z200 system or not purchased it at all if he knew that it contained only two drivers. *Id.* ¶ 46. Seeking redress for his alleged injuries, plaintiff brought this putative class action alleging common law fraud as well as claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"). *Id.* ¶ 55-81.

Defendant asserts that many consumers were not exposed to the alleged deceptive advertising (claims that the speakers had four drivers appeared on some, but not all, of the advertising for the speakers), that the speakers were priced consistent with speakers that would have two active drivers, and that regardless of what advertising a consumer may have been exposed to, the speakers performed in a manner consistent with consumers' expectations. Whatever damages plaintiff pursues must take into account the actual value received from the two driver speakers.

### III. LEGAL ISSUES

The key legal issues in this case are likely to be (1) whether Defendant's marketing of the Z200 system as having four drivers is a marketing practice that is "likely to mislead" an objective reasonable consumer as that term is construed under UCL and FAL caselaw, (2) whether Defendant intended to mislead consumers through the challenged marketing practice, and (3) whether the action can be maintained as a class action under Rule 23 and, if so, the definition, including geographic scope, of class membership.

Plaintiff contends that this case is similar to *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 906 (N.D. Cal. 2016) (Seeborg, J.); *Brickman v. Fitbit, Inc.*, No. 3:15-cv-02077, 2017 WL 5569827, at *9 (N.D. Cal. Nov. 20, 2017) (Donato, J.); and *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231 (N.D. Cal. 2014) (Tigar, J.).

Defendant contends this case, like all cases, must be decided based on an application of the relevant law to the particular record presented.

### IV. MOTIONS

Plaintiff's motion for class certification, Dkt. 57, as well as four motions to seal, Dkts. 56, 68, 71, 73, are currently pending.

Regardless of the outcome of Plaintiff's class certification motion, Plaintiff anticipates likely filing a motion for summary judgment on at least the UCL and FAL claims, and potentially one or more *Daubert* motions.

Defendant anticipates filing a motion for summary judgment and potentially one or more *Daubert* motions.

### V. AMENDMENT OF PLEADINGS

The parties do not currently anticipate any amendment of pleadings.

### VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information (the "ESI Guidelines"). The Parties have additionally conferred with their respective counsel about the need to preserve evidence that may be relevant to Plaintiff's claims

or Defendant's defenses, including the preservation of electronically stored information. A stipulated protective order has been entered. Dkt. 37.

**VII.   DISCLOSURES**

The Parties have served and amended their initial disclosures.

**VIII.   DISCOVERY**

**A.   Scope of Remaining Discovery:**

Substantial discovery has taken place to date, including several sets of interrogatories, one set of requests to admit, plaintiff's deposition, and the exchange of thousands of pages of documents pursuant to several sets of requests to produce.

Plaintiff believes that post-certification fact discovery will focus on Logitech's state of mind when it decided to market and continue marketing the Z200 speakers as having two drivers per satellite. That discovery will likely be compromised of one or two more rounds of document requests and depositions of approximately five Logitech custodians—most of whom, Plaintiff understands, reside abroad. Upon the close of fact discovery, Plaintiff anticipates routine expert discovery featuring competing technical experts and, potentially, economists.

Defendants believe that discovery will focus on expert discovery, including technical experts, a consumer purchasing expert, and economists.

**B.   Form of Electronic Discovery, Confidential Information, and Claims of Privilege:**

Discovery has encompassed ESI and the Parties have worked together in good faith regarding the disclosure of ESI. The Parties prepared a stipulation governing protection of confidential and proprietary information and procedures for handling inadvertent production of privileged information and other privilege waiver issues, which the Court approved subject to stated conditions on January 7, 2019.

**IX.   CLASS ACTIONS**

Plaintiff has filed a motion for class certification, pursuant to Fed. R. Civ. P. 23(b)(3), of a class and subclass of similarly situated individuals defined as follows:

**Nationwide Class**: All individuals in the United States who purchased Logitech's Z200 stereo sound system.

**California Subclass:** All members of the Nationwide Class that are domiciled in the State of California.

## X. RELATED CASES

The Parties are unaware of any related cases.

## XI. RELIEF SOUGHT

### A. Plaintiff's Position:

Plaintiff respectfully requests that the Court enter an Order (or Orders): (i) certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff as representative of the Classes, and appointing his counsel as class counsel; (ii) declaring that Defendant's actions, as set out above, constitute common law fraud and violate the UCL and FAL; (iii) awarding damages to Plaintiff and the Classes in an amount to be determined at trial; (iv) awarding restitution to Plaintiff and the Classes in an amount to be determined at trial; (v) awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees; (vi) awarding Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable; (vii) awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and (viii) awarding such other and further relief as the Court deems reasonable and just, including potentially punitive damages.

### B. Defendant's Position:

Defendant respectfully contends that class certification is inappropriate for each of the reasons set forth in its Opposition to Plaintiff's Motion for Class Certification (ECF No. 74). Defendant further respectfully requests that the Court limit the lawsuit to only those consumers for whom the challenged advertising was a material inducement for purchase and only to the extent that the consumer's purchase of the Z200 speakers failed to meet the consumer's reasonable expectations.

## XII. SETTLEMENT AND ADR

The Parties believe that any settlement and/or ADR efforts are premature, at least until the Court's resolution of Plaintiff's class certification motion.

## XIV. OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The Parties are not aware of any issues that can be narrowed by agreement or by motion.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this case should be handled via the Court's Expedited Trial Procedure.

## XVII. SCHEDULING

The parties propose the following scheduling deadlines:

| EVENT | PROPOSED DEADLINES |
|---|---|
| *Fact discovery cutoff (class and merits)* | April 30, 2020 |
| *Deadline for opening expert reports* | April 30, 2020 |
| *Deadline for opposition expert reports* | May 29, 2020 |
| *Deadline for reply expert reports* | June 12, 2020 |
| *Expert discovery cutoff* | June 19, 2020 |
| *Dispositive Motion Deadline* | July 10, 2020 |
| *Hearing on Dispositive Motions* | August 28, 2020 |
| *Final Pretrial Conference* | September 30, 2020 |
| *Jury Trial* | October 12, 2020 |

## XVIII. TRIAL

Plaintiff has requested a trial by jury of all matters that can be so tried, which include at least Plaintiff's common law fraud claim. A bench trial may additionally be necessary to resolve Plaintiff's UCL and FAL claims. The Parties expect trial to take 5-10 days. The Parties will familiarize themselves with this Court's separate standing guidelines for preparation for the final pretrial conference and trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.    Plaintiff's Statement:** Plaintiff does not know of any interests other than those of the named parties to the action and their attorneys.

**B.    Defendant's Statement:** Defendant does not know of any interests other than those of the named parties to the action and their attorneys.

## XX. PROFESSIONAL CONDUCT

Counsel have reviewed the applicable Guidelines for Professional Conduct.

## XXI. OTHER MATTERS

The Parties are unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

## XXII. OPPORTUNITIES FOR JUNIOR LAWYERS

Plaintiff's counsel, Edelson PC, is a law firm with fewer than fifty attorneys. Nevertheless, it wishes to address paragraph three of the Court's supplemental initial case management order. Edelson PC intends for Todd Logan, now a fourth-year attorney at Edelson PC, to continue to be substantially involved in all aspects of this case.

Defendant's counsel, Mayer Brown, is a law firm with more than fifty attorneys. To the extent that this case proceeds to dispositive motions and/or to trial, both Rebecca Johns (now a seventh-year attorney) and Alexander Vitruk (now a third-year attorney) are actively involved in this case and will be substantially involved in all motions, fact investigation, discovery, and depositions. Ms. Johns and Mr. Vitruk will be involved in preparing Logitech's witnesses for

deposition and defending their depositions. Should this case proceed to trial, Mayer Brown will ensure that Ms. Johns examines at least one witness at trial.

Respectfully submitted,

Dated: November 7, 2019  **EDELSON PC**

By: /s/ Todd Logan
     Todd Logan

Attorney for Plaintiff James Porath

Dated: November 7, 2019  **MAYER BROWN LLP**

By: /s/ Keri E. Borders
     Keri E. Borders

Attorneys for Defendant Logitech, Inc.

### FILER'S ATTESTATION

I, Todd Logan, am the ECF user whose identification and password are being used to file this Initial Joint Case Management Statement and Fed. R. Civ. P. 26(f) Report. I hereby attest that all signatories listed on the preceding page concur in this filing.

Dated: November 7, 2019        /s/ Todd Logan